MR. JUSTICE LEE
dissenting:
I respectfully dissent. In my opinion, the district court has no authority to award attorney’s fees in this case.
C.R.C.P. 55(c) provides that an entry of default may be set aside “[f]or good cause shown.” The decision on whether to set aside an entry of default is committed to the sound discretion of the trial court. Snow v. District Court, 194 Colo. 335, 572 P.2d 475. C.R.C.P. 55 does not empower the court to set aside the entry of a default upon the condition that the moving party pay attorney’s fees to the other party. The court has only two choices: If it finds good cause, it may vacate the entry of default, or, if it finds lack of good cause, it must deny the motion to set aside the default.
It is a fundamental principle of Colorado law that, absent statute, rule, or express contractual provision, a trial court has no authority to award attorney’s fees to any party. Publix Cab Co. v. Colorado National Bank of Denver, 139 Colo. 205, 338 P.2d 702; Collins v. *5 Shanahan, 34 Colo. App. 82, 523 P.2d 999, modified, 189 Colo. 169, 539 P.2d 1261 (holding on attorney’s fees is expressly affirmed). Nor can a court award attorney’s fees as costs of litigation, even where “costs” are expressly permitted by statute or rule. Leadville Water Co. v. Parkville Water District, 164 Colo. 362, 436 P.2d 659; Collins v. Shanahan, supra; Brakhage v. Georgetown Associates, Inc., 33 Colo. App. 385, 523 P.2d 145.
There is no provision in C.R.C.P. 55(c) which authorizes a trial court to award attorney’s fees to the other party when it vacates an entry of default. This omission is significant because the Colorado Rules of Civil Procedure carefully and clearly define those limited situations in which attorney’s fees may be awarded. For example, C.R.C.P. 11 provides that, if an attorney violates his duties to sign a pleading he files and to certify that he believes there is good ground to support it, the court may direct him to pay reasonable attorney’s fees to the other party. C.R.C.P. 56(g) provides that, if a party presents a summary judgment affidavit “in bad faith or solely for the purpose of delay,” reasonable attorney’s fees may be awarded to the other party. C.R.C.P. 107(d) specifies that, if a person is found guilty of contempt of court, reasonable attorney’s fees may be awarded. For further examples, see C.R.C.P. 16(d)(1); C.R.C.P. 30 (g)(2); C.R.C.P. 37(a)(3), (b)(2)(E), (c) and (d). Thus, it is clear that the power to award attorney’s fees must be expressly given by the Colorado Rules of Civil Procedure, even when egregious conduct by a party or attorney is involved. A court may not imply this authority.
The majority has apparently concluded that C.R.C.P. 60(b) should be applied by a court when it vacates an entry of default. However, Rule 55 and Rule 60(b) are designed for completely different situations. Rule 60(b) relates to relief from a “final judgment, order, or proceeding” by reason of mistake, inadvertence, surprise, excusable neglect, fraud or other reasons, and has no application to situations where a judgment has not yet been entered. In the present case, the petitioner moved before judgment to set aside a default entered by the clerk of the court. As the majority concedes, Rule 55(c) is directly applicable and it makes no provision for attorney’s fees to be attached by the trial court. Thus, Rule 60(b) should not have been consulted, even by analogy.
It is apparent that the district court’s award of attorney’s fees was prompted by what it described as a “lack of good faith and lack of candor” on the part of the petitioner. If the purpose of imposing attorney’s fees as a condition to permitting petitioner to defend in the lawsuit here was punitive in nature, then the procedure followed was highly inappropriate. A court is possessed of ample powers to impose sanctions in a proper contempt proceeding when an attorney or a party misconducts himself by not complying with procedural requirements and thus interferes with the normal judicial processes.
*6 For these reasons, I would make the rule absolute.
I am authorized to say that MR. JUSTICE KELLEY joins in this dissent.